# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| United States of America,<br>　　　　Plaintiff,<br><br>vs.<br><br>Brannon Jeffries,<br>　　　　Defendant. | )<br>)<br>)<br>)　Case No. 20-MJ-388-JFJ<br>)<br>)<br>) |

## **DETENTION ORDER**

　　Defendant waived a preliminary hearing, and the Court conducted a detention hearing on October 30, 2020, pursuant to 18 U.S.C. § 3142(f).

　　Pursuant to 18 U.S.C. § 3142(e), the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." In making this determination, the Court must take into account the available information concerning:

　　(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

　　(2) the weight of the evidence against the person;

　　(3) the history and characteristics of the person, including-

　　　　(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

　　　　(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

　　(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The burden is on the government to prove, by a preponderance of the evidence, that no set of conditions will reasonably assure the appearance of defendant as required in this matter, see 18 U.S.C. § 3142(f), or, alternatively, by clear and convincing evidence that no set of conditions will reasonably assure the safety of any other person or the community. *Id.*

### Written Statement of Reasons for Detention

The Government met its burden of showing by clear and convincing evidence that no conditions will reasonably assure the safety of the alleged victim or the community. As to the first two factors, the instant offense is cyberstalking. The affidavit in support of the Complaint includes allegations that Defendant set up websites and social media accounts with the victim's image, stating she was interested in being "gangbanged." This occurred after the victim moved to Georgia allegedly due to fear of Defendant. The United States also proffered evidence of other calls between Defendant and the alleged victim (recorded by the victim) containing veiled threats and mention of the websites, and evidence that the victim's email and physical address in Georgia were found in Defendant's car. The nature of the offense, weight of evidence, and ongoing threatening conduct weigh in favor of detention.

As to the third factor, Defendant has a dated prior conviction for a violent rape, a conviction for failure to register as sex offender, and a recent arrest for failure to register. Defendant allegedly committed the instant offense while on bond for failing to register. Defendant has no acceptable residence in the community or viable employment. However, Defendant complied with a prior term of supervised release in this Court and has no recent violent convictions or arrests. On balance, the Court finds that physical and/or Internet monitoring cannot reasonably assure the safety of the alleged victim or community.

### Directions Regarding Detention

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal to appear in connection with a court proceeding.

Dated this 2nd day of November, 2020.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**