# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 4-20-CR-123 |
| ) | |
| BRANNON JEFFRIES ) | |

## MOTION TO SUPPRESS EVIDENCE AND REQUEST A FRANKS HEARING

COMES NOW, BRANNON JEFFRIES, by and through undersigned counsel, pursuant to the Fourth Amendment of the United States Constitution, and Franks v. Delaware, 438 U.S. 154 (1978), and other relevant case law, and files this Motion to Suppress Evidence. As will be discussed herein, the affidavit in support of the three search warrants and the arrest warrant at issue in this case contain false statements, rendering the affidavits unreliable and lacking in probable cause, mandating that a Franks hearing be held and the evidence seized suppressed.

## FACTUAL BACKGROUND

1. Mr. Jeffries is charged in a one-count indictment with cyberstalking in violation of 18 U.S.C. § 2261A(2). Doc. 1. Prior to his indictment, Mr. Jeffries had been detained on a criminal complaint filed in the Northern District of Oklahoma (Case no. 20-MJ-388-JFJ).

2. On October 28, 2020, Christopher McCarthy, a Special Agent with the Federal Bureau of Investigation (FBI), submitted a sworn Affidavit and Application for a Search Warrant in the Northern District of Oklahoma, to support a search of an apartment alleged to be Mr. Jeffries's residence. Ex. 1. The affidavit sought to establish supporting probable cause to search based on the theory that Mr. Jeffries created web pages and imposter accounts with a computer that was located inside the residence.

3. The next day, McCarthy applied for an additional warrant to search a vehicle parked outside the apartment. Ex. 2. The affidavit for this application is nearly identical to the application for the search of the apartment.

4. In support of probable cause to search, McCarthy made multiple false statements, alleging that Mr. Jeffries made inculpatory statements which he did not. The affidavit cited a series of recorded conversations between the alleged victim and an individual purported to be Mr. Jeffries (hereinafter Mr. Jeffries)[1]. McCarthy falsely asserted that in these recordings "JEFFRIES acknowledged creating the pages and threat of gun violence" and that he "need[ed] to hurt her [victim] equally through imposter social media accounts, humiliation, and the threat of violence." Ex. 1 and ex. 2 at 4.

---

[1] For the purposes of argument in this Motion, Counsel assumes the individual in the recordings is Brannon Jeffries.

5. Special agent Savannah Solomon included these same mistruths in her affidavit in support of an arrest warrant, which was filed in the Southern District of Georgia. Ex. 3 at 3.

6. FBI agents executed the search warrants on the apartment and vehicle on October 29, 2020, seizing multiple electronic devices and other items. Ex. 4 (FBI Search Report).

7. Mr. Jeffries was arrested that same day and subsequently interviewed by agents at the FBI office in Tulsa, Oklahoma. USAO_00265–66.

8. On March 23, 2021, Agent Solomon submitted an application to search five electronic devices (Ex. 5); four of which had been seized during the execution of the search warrant for the apartment. See Ex. 4 at 2. The remaining device, a red iPhone with unknown serial number, was presumably seized during Mr. Jeffries's arrest.[2]

9. Here, the foundation of the probable cause for all the searches at issue and the seizure of Mr. Jeffries was based on the false representations that he had made admissions of guilt. Absent these false statements probable cause is negated and accordingly the Court must hold a Franks hearing and suppress evidence seized as a result of the illegal searches and seizure.

---

[2] Undersigned counsel has been unable to find a chain of custody in his review of discovery.

## LEGAL ARGUMENT

When a defendant makes a preliminary showing that (1) a warrant affidavit includes a false statement, or one made with reckless disregard for the truth, and (2) that the false statement was necessary to a finding of probable cause, the Fourth Amendment requires that an evidentiary hearing be held at defendant's request to determine the validity of the warrant. Franks v. Delaware, 438 U.S. 154, 156 (1978); United States v. Flowers, 531 Fed. Appx. 975, 980 (11th Cir. 2013).  A Franks hearing does not require clear proof, but rather only a substantial preliminary showing.  See U.S. v. Stanert, 762 F.2d 775, 781 (9th Cir.), amended, 769 F.2d 1410 (9th Cir. 1985). Here, the significant false statements in the warrant affidavits were necessary to the finding of probable cause; accordingly, the defendant is entitled to a hearing under Franks.

**A. The affidavits in support of the search warrants contain multiple false statements.**

Agent McCarthy made multiple false statements in his affidavits, wrongly claiming that Mr. Jeffries made inculpatory statements in a series of recorded calls with the alleged victim. In paragraph 10 of the affidavits[3], McCarthy falsely asserted that in in these recordings, "JEFFRIES acknowledged creating the pages and threat of gun violence." Ex. 1 and ex. 2 at 4. McCarthy then went even further, asserting

---

[3] In ex. 5 (the application to search electronic devices), these false statements are in paragraph 9.

4

that Jeffries explained his actions as "needing to hurt her equally through imposter social media accounts, humiliation, and the threat of violence." Id.

Nowhere in the surreptitiously recorded calls cited does Mr. Jeffries admit to creating any web pages as alleged in the affidavit.[4] Likewise, Mr. Jefferies never admitted to creating imposter social medial accounts with the purpose of humiliating the alleged victim. During these calls Mr. Jeffries did acknowledge lashing out and being angry about the breakup in the past, but also expressed regret at "getting so mad." See Ex. A at 16:30–16:45[5]. However, Mr. Jefferies referenced past transgressions in general terms in the recordings; never admitting or discussing any specific conduct. And in instances where the alleged victim did directly accuse Mr. Jeffries of posting illicit photographs, he did not admit to doing so. In fact, he explicitly denied such conduct at one point, stating: "I'm telling you nobody else has the pictures and it's [sic] nowhere posted." Ex. B at 24:57–25:01.

Turning to the affidavit's claim about "threat of gun violence," not only is it a fabrication that Mr. Jeffries acknowledged making any such threat, but he explicitly denied it multiple times. See e.g. ex. C at 31:00–31:10. For instance, when the alleged victim, referencing her fear of gun violence, stated that she was "very glad you didn't kill me . . ." Mr. Jeffries responded, "Stop saying that to me, that

---

[4] Based on undersigned counsel's review of recorded calls provided in discovery.
[5] Exhibits A, B, and C will be submitted to the Court on a USB flash drive.

5

wasn't my plan . . . I keep telling you that was not my intentions." Id. at 38:25–38:55.

An affiant's false statements regarding a defendant's alleged admission of guilt, whether intentional or reckless, is a serious indiscretion. At very best, Agent McCarthy's false statements here are a "reckless disregard for the truth." McCarthy asserted that the affidavit was based on his "review and analysis of the documents and records," and he explicitly referenced specific portions of these recordings, in an attempt to bolster his claims. Ex. 1 and ex. 2 at 4. Even if he ostensibly copied and pasted his affidavit from Agent Solomon's arrest warrant application[6], this does not diminish McCarthy's recklessness. See U.S. v. Kyllo, 37 F.3d 526 (9th Cir. 1994) (the affiant's reliance on false information provided by another law enforcement can serve as the basis for a Franks hearing). Accordingly, the falsehoods he presented as fact are inexcusable and serve to destroy probable cause and invalidate the warrants in this case.

**B. Absent the false statements, the search warrant affidavits lack probable cause to search.**

Without the false statements detailed supra, there is insufficient probable cause to uphold the search warrants in this case. Probable cause to support a search warrant exists where in the totality of the circumstances there is a fair probability of

---

[6] It is unclear to counsel whether the arrest warrant or search warrant applications were drafted first.

finding evidence of a crime at a particular location. <u>Illinois v. Gates</u>, 462 U.S. 213 (1983); <u>United States v. Kapordelis</u>, 569 F.3d 936 1291, 1310–1312 (11th Cir. 2009); <u>United States v. Brundidge</u>, 170 F.3d 1350, 1352 (11th Cir. 1999). Here, the nexus between the apartment and the crime alleged relies on the assertion that "an individual knowingly used a computer from the PREMISIS to violate the [cyberstalking] statute . . ." To support this connection, McCarthy fabricated that Mr. Jeffries admitted to creating web pages and imposter accounts. And to further link Mr. Jeffries with criminal activity, McCarthy falsely asserted that he admitted to threats of gun violence. Without these false inculpatory statements there is simply not enough in the affidavit to demonstrate that the apartment would have computer or other evidence of cyberstalking. And there is even less to support the contention that the vehicle contained any evidence of criminal activity.

    Here, absent the affiant's fabrications, the affidavit relies heavily on conclusory statements that assume Mr. Jeffries's culpability without offering corroborating evidence. For example, the affidavit asserts that: "JEFFRIES created Facebook and Twitter pages in Victim 1's name and likeness." Ex. 1 and ex. 2 at 3. And that "JEFFRIES posted intimate photos on the pages and attempted to "friend" Victim 1's sister while sharing the photos." <u>Id</u>. at 3 –4. The affidavit later makes similar assertions without any support. <u>See id</u>. at 4. It would appear that these naked assertions are based on solely on the alleged victim's belief and suspicion, yet they

are asserted as fact without any independent investigation or support. Without the excised false statements there is insufficient evidence to demonstrate that the apartment or vehicle contained electronic or other evidence of cyberstalking; accordingly, the search warrants in this case are invalid and all evidence resulting from the illegal searches must be suppressed.[7]

### C. Absent the false statements, the arrest warrant application also lacks probable cause.

The arrest warrant is also invalid because it relies on the same false statements as the search applications detailed supra. See ex. 3 at 3. Probable cause to arrest exists when the totality of the circumstances warrants a reasonable belief that the suspect has committed a crime. Illinois v. Gates, 462 U.S. 213 (1983); United States v. Virden, 488 F.3d 1317, 1322 (11th Cir. 2007). Here, Agent Solomon used the identical false statements detailed above to create the reasonable belief that Mr. Jeffries was involved in the cyberstalking alleged. Without these false admissions, there was insufficient probable cause to support his arrest. Accordingly, all evidence seized obtained as a result of his unlawful arrest, including any cellphones, must be suppressed. Additionally, his statements to FBI agents, which resulted from his illegal arrest must be suppressed.

---

[7] For the same reasons, probable cause is also lacking for the warrant to search the electronic devices seized. See Ex. 5 at 4. Additionally, since four of the five electronic devices in that application were seized during the initial search of the apartment, they must also be excluded as fruit of the poisonous tree from that illegal search.

## **CONCLUSION**

As demonstrated, the affiants in this case made multiple and significant false statements claiming that Mr. Jeffries made admissions of guilt which he did not make. These fabricated admissions were necessary to establish probable cause for the warrants in this case and, accordingly, this Court must hold an evidentiary <u>Franks</u> hearing on the matter; and any evidence seized pursuant to these invalid warrants must be suppressed.

WHEREFORE, for the reasons set forth above and any other reasons which may appear at a hearing on this Motion, Mr. Jeffries respectfully requests that the Court grant this Motion and set a Hearing on the matter.

Respectfully submitted this 21st day of August, 2021.

_____
STEVEN J. WOODWARD
Georgia Bar No. 196486
Attorney for Defendant

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

This 21st day of August, 2021.

                                                                  _____
                                                                  STEVEN J. WOODWARD
                                                                  Georgia Bar No. 196486
                                                                  Attorney for Defendant

7 East Congress Street, Suite 720
Savannah, GA 31401
Office: (912) 454-2844
Fax: (912) 495-5431
steven@woodwardcriminaldefense.com